UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RA'MAR DANIELS, | ) |
|         Plaintiff, | ) |
|     v. | ) Case No. 1:22-cv-00005-TWP-MKK |
| J. DOWNS, | ) |
|         Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Jamie Downs ("Downs") Motion for Summary Judgment (Dkt. 73). Plaintiff Ra'mar Daniels ("Daniels") initiated this action alleging that Downs, a correction officer for the Indiana Department of Correction ("IDOC"), violated his Eighth Amendment rights when she sprayed him with OC spray (commonly known as pepper spray) and denied him access to a decontamination shower after he told her he was feeling suicidal. Because material facts are disputed by the parties, Downs' Motion is **DENIED**.

### I. STANDARD OF REVIEW

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

## II.     FACTUAL BACKGROUND

Because Downs has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to [Daniels], the non-moving party and draw[s] all reasonable inferences in [his] favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

In 2021, Daniels was an offender serving a sentence in the IDOC at Pendleton Correctional Facility. On November 12, 2021, Downs and non-defendant Officer Austin Harmon ("Harmon") spoke to Daniels at his cell. Daniels reported that he was feeling suicidal and needed to speak to someone in mental health or get on the phone to speak with someone. (Dkt. 76-1 at 7.) Downs

sprayed OC spray toward Daniels' face.  Daniels turned away, but the spray still hit his eyes, hands, back of his neck, and clothing.  *Id*. at 9.  He was not offered, and did not receive, a decontamination shower or treatment by mental health or medical staff.  *Id*. at 2; *Id*. at 10.D  Non-defendant Sgt. Brent Pimentell read the OC spray warning to Daniels, and then Daniels was made to stand in "trip-gear" for hours while the OC spray caused a burning sensation all over his body.  *Id*. at 10. Downs never took Daniels to the medical department and never offered to take Daniels to the showers.

Downs' version of events differs significantly from Daniels' version. Instead of demonstrating that she is entitled to summary judgment based on Daniels' version of the facts—as required under Rule 56—her fact section is based on her own version of events even though Daniels has denied her key assertions in his responses to her requests to admit:

| Downs' Statement of Material Facts Not in Dispute (Dkt. 74 at 1-2) | Daniels' Responses to Requests for Admission (Dkt. 76-1 at 7-9) |
|---|---|
| Plaintiff told the officers that he was suicidal and threatened to hang himself if he did not get on the phone immediately. | I never threaten[ed] or attempted to harm myself. . . . I only told her I felt suicidal and need[ed] to speak with mental health or get on the phone…. |
| Plaintiff turned around and placed a noose around his neck. | I never[] placed a noose around my neck, I never had a noose, Defendant Downs never saw a noose, and Defendant Downs never produce[d] any noose…. |
| To keep Plaintiff from harming himself, Defendant applied a one (1) second burst of OC spray. | I was not harming myself[.] She lied. She used OC spray because she was mad about me reporting her threats to assault me to the warden. |
| Plaintiff was read the OC Administrative warning and was provided with a decontamination shower. | I was never given a shower . . . I was never decontaminated. I was never even offered a shower or allowed to shower at no time on Nov. 12, 2021. |
| Non-party medical staff evaluated Plaintiff on the unit. | I was never taken to medical and medical never came to me. Plus medical has already admitted that the[re] is no record of me ever being treated on Nov. 12, 2021. Downs never even offered to take me to medical. |

3

### III.     DISCUSSION

As Daniels stated in his response: "Defendant's statement of material facts not in dispute are in fact in dispute." (Dkt. 76 at 1.) In her reply, Downs argues that she is still entitled to summary judgment because Daniels agrees that he told her he was feeling suicidal. Thus, she was justified in spraying him with OC spray without warning to prevent him from harming himself. Next, she argues that she was not deliberately indifferent to Daniels' need for a decontamination shower because being sprayed with OC spray does not create an objectively serious medical condition. The Court will address each argument in turn.

#### A.     **Excessive Force**

Correctional officers violate the Eighth Amendment when they use force "not in a good faith effort to maintain and restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (cleaned up). The ultimate determination of the intent of the person applying the force in an excessive force claim involving prison security measures depends on a number of factors, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmate, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

OC spray "can be used in limited quantities when reasonably necessary to subdue or maintain control over an inmate," and "violates the Eighth Amendment only if it is used 'in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain.'" *See Musgrove v. Detella*, 74 F. App'x 641, 646 (7th Cir. 2003).

Downs argues that she is entitled to summary judgment because she sprayed Daniels with OC spray without warning to prevent him from harming himself after he told her he was feeling suicidal. However, the case she relies upon, *Barrett v. Wallace*, 570 Fed. App'x 598, 601 (7th Cir. 2014), involved an officer pepper spraying an inmate who had swallowed approximately 70 pain pills and prescription sleeping pills. Here, the facts in the light most favorable to Daniels are that he had not taken any step toward attempting suicide. Instead, he asked to speak with someone in the mental health department and he never placed a noose around his neck and never had a noose. Downs points to no caselaw, and the Court has not identified any, supporting her argument that using OC spray without warning on an inmate who only voices suicidal thoughts does not violate the Eighth Amendment.

Instead, the Seventh Circuit has held that officers should generally provide adequate warnings to an inmate before administering OC spray. *Lewis v. Downey*, 581 F.3d 467, 479 (7th Cir. 2009) (force "including mace and tear gas ... should generally follow adequate warnings"). Furthermore, a reasonable jury could conclude that the use of OC spray was excessive because Daniels was not engaged in active self-harm. *See Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (force "without penological justification" is excessive). Accordingly, Downs is not entitled to summary judgment on Daniels' excessive force claim.

B. **Deliberate Indifference**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 661–62 (7th Cir. 2016) (alteration in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prove that Downs was deliberately indifferent, Daniels must establish that he suffered from "an objectively serious medical condition"

and that the "defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997) ("All of this is not to say, however, that every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim, for clearly that is not the case.").

Daniels alleges that Downs denied him a decontamination shower after spraying him with OC spray. Downs points to *Stone v. Couch*, No. 1:19-cv- 01193-TWP-DML, 2021 WL 4247870, at *6 (S.D. Ind. Sept. 17, 2021), for the proposition that "the lingering effects of being pepper-sprayed or exposed to similar chemical agents are not objectively serious medical conditions." But that case, and the cases cited within it, involved inmates who received a decontamination shower, medical evaluation, or who had only been contaminated with the spray indirectly. None are analogous to the facts here. Whether Daniels received a shower or medical evaluation are material facts in dispute.

A reasonable jury believing Daniels' testimony could conclude that Daniels experienced an objectively serious condition when he was not allowed to remove OC spray from his face, body, and clothes for several hours. *See Kervin v. Barnes,* 144 F. App'x. 551, 552 (7th Cir. 2005) ("detaining an inmate for eight hours after using chemical agents without allowing him to wash his face amounts to the wanton infliction of pain and suffering."); *Hughes v. Durrent*, No. 15-C-6432, 2017 WL 3978702, at *10 (N.D. Ill. Sept. 11, 2017) (distinguishing between the initial spray and knowingly refusing to allow inmates to flush their eyes contrary to the direction of medical staff).

Thus, a reasonable jury might conclude that Daniels experienced an objectively serious condition when he was not allowed to remove OC spray from his body and clothes for hours. Downs is therefore not entitled to summary judgment on this claim.

### IV.   CONCLUSION

For the reasons explained above, Downs' Motion for Summary Judgment, Dkt. [73], is **DENIED**.

Daniels' claims will be resolved by trial or settlement. Because it is the Court's preference that he be represented by counsel for trial or any potential settlement conference, the Court will attempt to recruit counsel to represent him. Daniels shall have **through Friday, September 22, 2023,** by which to file a motion for recruitment of counsel or object to the recruitment of counsel on his behalf. **The Clerk is directed** to include the motion for counsel form with Daniels' copy of this Order. After counsel is appointed for Daniels, the Magistrate Judge is requested to set a status conference to discuss what preparations are needed for trial and whether the case is amenable to settlement. If Daniels elects to proceed *pro se*, the Magistrate Judge is still requested to conduct a status conference.

**SO ORDERED.**

Date: 8/23/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ra'mar Daniels, #104542
INDIANA STATE PRISON
Electronic Service Participant – Court Only

Carlton Wayne Anker
LEWIS AND WILKINS LLP
anker@lewisandwilkins.com

Eric Ryan Shouse
LEWIS AND WILKINS LLP
shouse@lewisandwilkins.com

Jordan Douglas Hall
LEWIS AND WILKINS LLP
hall@lewisandwilkins.com